GEORGE E. RICHARDSON, Appellant, v. JAMES McLAUGHLIN.

Practice. General verdict was for five cents and was unwarranted by special findings. *Held,* not reversible error when the attention of trial judge was not specially called to the sum allowed, though motion for new trial averred that verdict was in conflict with special findings.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

THURSDAY, OCTOBER 25, 1894.

PLAINTIFF asks to recover on an instrument in writing as follows:

"LE MARS, Io., May 19, 1884.

"In consideration of the sale of my land in 31, 93, 46, through agency of Geo. E. Richardson, I promise to pay said Richardson, at Le Mars, Iowa, one hundred dollars, with interest at the rate of eight per cent per annum from this date, which amount shall be due January first, 1885, provided James Redmon shall pay as agreed, at that date, his second payment of four hundred dollars on said sale, and if paid by said Redmon at a later date, and accepted by me, the said payment to said Richardson shall then become due. But if the sale falls through, and said second payment is not made at all, this obligation shall become void.

"JAMES McLAUGHLIN."

He alleges that the four hundred dollars had been paid by Redmon to the defendant, and asks to recover the one hundred dollars with interest. He sued out an attachment against the property of the defendant. Defendant answered, denying every allegation in the petition, and setting up a counterclaim for damages for wrongful suing out the attachment, and also for one hundred and fifty dollars alleged to have been received by the plaintiff. The jury found for the defendant, and assessed his recovery at five cents. They also returned a special finding that the attachment was not wrongfully sued out. Judgment was entered on the verdict. Plaintiff appeals. *Affirmed.*

*Ira T. Martin* for appellant.

*Walter I. Hays* and *Patrick Farrell* for appellee.

Given, J.—There was no evidence to sustain the counterclaim for one hundred and fifty dollars money received, and that claim was not submitted to the jury. No complaint is made against the instructions, and the question whether the condition upon which defendant was to pay the one hundred dollars had happened was fairly submitted to the jury, and it found, as under the evidence it might, that it had not. The only ground of complaint is that the verdict is inconsistent with the special findings, the jury having found that the attachment was not wrongfully sued out, and by its verdict found against the plaintiff in the sum of five cents. While it is true the plaintiff moved for a new trial upon the ground, among others, that "the verdict is in conflict with the special findings," it does not appear that the allowance of the five cents was brought to the attention of the court. Had the verdict been simply for the defendant, the judgment must have been the same as on the verdict returned, except as to the trivial amount of five cents, and it is only in that amount that the plaintiff is prejudiced by the conflict between the special finding and the verdict. No substantial prejudice has resulted to appellant, and we will surely not reverse a case, and send it back for retrial, upon grounds possessing no greater merit than is here shown. The case was fully and fairly tried, and the result has such support in the evidence that we should not disturb it. The judgment is AFFIRMED.